USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IDEAVILLAGE PRODUCTS CORP.,

                Plaintiff,

-against-

ANTIKER, et al.

                Defendants.

1:20-cv-04681-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On May 11, 2021, the Court held an Initial Pretrial and Status Conference in this matter and related matters 20-cv-4679, 20-cv-4680, 20-cv-4682, and 20-cv-4683. Counsel for Plaintiff and the five appearing Defendants in this matter—Antiker, BikiWave, MagicD Official, TOP COVER, and Wanleo—were in attendance.[1] At the conference, the Court ordered Plaintiff and the appearing Defendants to meet and confer and to submit a proposed Case Management Plan and Scheduling Order on or before May 14, 2021, after they failed to do so in advance of the Conference as required by the Court's Individual Practice Rules and the Notice of Initial Pretrial Conference. [ECF No. 40; *see* ECF No. 37.] The Court also set a deadline of June 25, 2021, for Plaintiff's motion for default judgment as to the thirty-two remaining Defendants who have not appeared in this action. [ECF No. 40.]

      On May 14, 2021, Plaintiff and the appearing Defendants filed (1) a joint status letter advising the Court that they have agreed to conduct all further proceedings before a magistrate judge [ECF No. 43]; (2) a proposed Case Management Plan and Scheduling that indicates their consent to proceed before a magistrate judge but is otherwise blank [ECF No. 44]; and (3) a Notice,

---

[1] Plaintiff later settled with and voluntarily dismissed the action as to Defendant BikiWave. [ECF Nos. 41–42.]

Consent, and Reference of a Civil Action to a Magistrate Judge signed by counsel for Plaintiff and counsel for the remaining appearing Defendants [ECF No. 45].

"Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court. 28 U.S.C. § 636(c)(1). The Second Circuit has explained that "the consent of *each party* is essential to the validity of the statutory system that allows a magistrate judge to make binding adjudications" and that "[c]onsent of *all parties* must be clear and express." *N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 24–25 (2d Cir. 1993) (emphasis added) (holding that magistrate judge could not decide motion for intervention without consent of movant, notwithstanding consent of original parties (collecting cases)).

The Second Circuit has not addressed whether referral to a magistrate judge for all purposes is appropriate where, as here, all parties that have appeared—but not all named parties—have consented to the jurisdiction of a magistrate judge for all purposes. The law of other circuits is in conflict on this issue. *Compare Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017) ("28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint— irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear."); *and Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 464, 472–73 (7th Cir. 2017) (holding that "only consent by both (or all) parties," that is, "the names on both sides of the 'v,' without regard to events such as service of process," will suffice to give a magistrate judge authority to enter dispositive decisions), *with Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that "lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction" to dismiss case

because the defendants "had not been served [and therefore] were not parties to th[e] action at the time the magistrate entered judgment").

The law is clear, however, that a magistrate judge cannot enter default judgment against a party absent the defaulting party's consent to the jurisdiction of the magistrate judge to enter final judgment. *See, e.g.*, *Revision Military Ltd. v. Gideon Servs., Inc.*, No. 2:17-cv-128, 2017 WL 5632700, at *1 (D. Vt. Oct. 31, 2017) (collecting cases), *report & recommendation adopted*, 2019 WL 5634872 (D. Vt. Nov. 21, 2017); *Labs. Rivas, SRL v. Ugly & Beauty*, No. 11 Civ. 5980(RA)(JLC), 2013 WL 5977440, at *1 n.1 (S.D.N.Y. Nov. 12, 2013) (collecting cases), *report & recommendation adopted*, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014); *see also Henry v. Tri-Servs., Inc.*, 33 F.3d 931, 933 (8th Cir. 1994) (holding that magistrate judge lacked authority to enter default judgment absent consent of defaulting defendant, notwithstanding consent of appearing parties).

Here, Plaintiff intends to move for default judgment against the thirty-two remaining Defendants who have not appeared in this action. [ECF No. 39 at 1; ECF No. 43 at 4.] Because these thirty-two defendants have not appeared, they have not consented to the jurisdiction of a magistrate judge to enter final judgment. *See Rodrigues v. Corona Advances, Inc.*, No. 15-CV-6815 (BCM), 2018 WL 4043149, at *3 (S.D.N.Y. Aug. 24, 2018) (finding that consent could not be inferred from conduct of party that "was not present before the Court at any time during the life of th[e] action" (citing *Roell v. Withrow*, 538 U.S. 580, 583 (2003))).

Given the absence of guidance from the Supreme Court or the Second Circuit, the ambiguity of the law in other circuits, and to ensure the finality of the Court's decisions, the Court declines to refer this matter to a magistrate judge to conduct all proceedings and order the entry of a final judgment with respect to Plaintiff and the appearing Defendants. *See Cho v. Select Portfolio Servicing, Inc.*, No. 2:17-cv-01073-KJM-CKD, 2017 WL 6945360, at *1 (E.D. Cal. Aug. 23,

2017) (declining to refer case to magistrate judge for all purposes where one defendant had been served but had not appeared to "err[] on the side of caution in avoiding embedding a possible jurisdictional flaw in the record").

Accordingly, IT IS HEREBY ORDERED that Plaintiff and Defendants Antiker, MagicD Official, TOP COVER, and Wanleo shall submit a proposed Case Management Plan and Scheduling Order on or before **May 20, 2021**.

**Failure to comply with this Order and the deadline herein may result in sanctions, including preclusion or dismissal of claims or defenses.**


**SO ORDERED.**

Date:  **May 17, 2021**  **MARY KAY VYSKOCIL**
  **New York, NY**  **United States District Judge**